UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYSHIELLE RICHELLE JACQUEZ,

Plaintiff,

v.

R. GRACIA,

Defendant.

Case No. 26-cv-00044-HSG

**ORDER OF PARTIAL SERVICE**

Plaintiff, an inmate housed at Mule Creek State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") correctional officer R. Gracia. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

*Factual Allegations.*  The complaint alleges that defendant SVSP correctional officer R. Gracia used excessive force on Plaintiff in violation of the Eighth Amendment and retaliated against Plaintiff for filing grievances.  The complaint makes the following factual allegations.  On September 11, 2023, defendant Gracia was extremely aggressive with Plaintiff.  Plaintiff was standing still, awaiting the opening of the door, and defendant Gracia "snatched" her backwards. Plaintiff told defendant Gracia that he did not have to grab Plaintiff like that.  Defendant Gracia started making inappropriate comments and said that Plaintiff "don't have nothing coming as a grievance writer."  Instead of grabbing Plaintiff's elbow, defendant Gracia continued to grab Plaintiff's left arm, which caused Plaintiff to injure her back and arm, and left her in discomfort and extreme pain.  Due to this incident, Plaintiff's back gives her pain, she finds it difficult to sleep, and she cannot exercise.  Defendant Garcia acted maliciously and sadistically for the purpose of causing harm.  When defendant Gracia and Plaintiff entered Plaintiff's assigned housing, he placed Plaintiff by the trash can and then leaned into Plaintiff with his privates and belly making direct contact with Plaintiff's skin.  Plaintiff told defendant Gracia that he didn't have to be all on Plaintiff like that and that he was touching Plaintiff inappropriately.  Defendant Gracia placed Plaintiff in an intake holding cell.  However, intake holding cells are only for holding inmates who are suicidal, fighting, hostile, headed to Ad-Seg, or pose safety concerns. There was no reason for defendant Gracia to put Plaintiff in the holding cell other than defendant

United States District Court
Northern District of California

2

Gracia saying "Continue writing grievances see where it, not far." *See generally* Dkt. No. 1. Plaintiff seeks compensatory and punitive damages, and any other relief that the Court deems proper. Dkt. No. 1 at 10.

*Legal Claims.* The complaint alleges that defendant Gracia used excessive force and acted maliciously and sadistically when he snatched Plaintiff backwards, in violation of the Eighth Amendment. The complaint further alleges that defendant Gracia violated the First Amendment by retaliating against Plaintiff for filing grievances. Dkt. No. 1 at 8-9.

**C.      Dismissal with Leave to Amend**

Liberally construed, the allegation that defendant Gracia told Plaintiff that she "didn't have nothing coming" as a grievance writer when she complained about being snatched backwards, and placed in her a holding cell for no reason while telling her to "continue writing grievances" states a cognizable claim for First Amendment retaliation. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

The Court DISMISSES the Eighth Amendment excessive force claim for failure to state a claim. The Eighth Amendment is violated when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). But not every malevolent touch by a prison guard violates the Eighth Amendment. *Id.* Plaintiff's assertion that defendant Gracia acted maliciously and sadistically for the purpose of causing harm is conclusory and lacks any facts that would support that conclusion. It is also hard to believe that facts could be alleged to support Plaintiff's assertion that defendant Gracia's actions caused her extreme pain and suffering for the past two and a half years: the described actions of "snatching" Plaintiff backward and grabbing her left arm do not seem plausibly likely to cause extreme pain that lasts for years. Even accepting the allegations as true at this stage, Defendant Gracia's purported actions, even if done with ill intent, were a *de minimis* use of physical force and not repugnant to the conscience of

United States District Court
Northern District of California

mankind. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *see also Ferrell v. Clackamas Cnty. Sheriff's Dep't.*, No. 93-35042, 1993 WL 501590, at *1 (9th Cir. Dec. 3, 1993) (holding that pushing plaintiff into a desk "would not rise to the level of a constitutional violation" because Eighth Amendment "does not reach de minimis uses of physical force"); *Powell v. Well Path Care*, No. 22-35242, 2022 WL 17760658, at *1 (9th Cir. Dec. 19, 2022) (affirming dismissal with prejudice of Eighth Amendment excessive force claim at screening stage where inmate alleged that correctional official threw toilet paper roll at him with enough momentum to cause him to flinch, strain his body, and semi-fall back onto cell bunk); *McCoy v. Ramirez*, 772 F. App'x 462 (9th Cir. 2019) (affirming grant of summary judgment against prisoner-plaintiff on excessive force claim where evidence at most showed that plaintiff was pushed by defendant toward door twice, but neither push was with sufficient force to cause plaintiff to either hit door or lose his footing and plaintiff suffered no significant discernible injury). In the interest of justice, the Court GRANTS Plaintiff leave to amend this claim, if she can truthfully allege facts that would state a cognizable Eighth Amendment excessive force claim against defendant Garcia. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows.

1.      The following defendant(s) shall be served: Salinas Valley State Prison correctional officer Garcia.

2.      Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court DISMISSES the Eighth Amendment excessive force claim against defendant Garcia with leave to amend. If Plaintiff wishes to replead this claim, she must file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 26-cv-0044 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all the defendants she wishes to sue, including the First Amendment retaliation claim found cognizable below and the defendant ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint and this action proceeding against defendant Garcia solely on the First Amendment retaliation claim. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

United States District Court
Northern District of California

4.     As detailed above, the complaint states a cognizable First Amendment retaliation claim against defendant Garcia.

5.     To expedite the resolution of this case, the Court orders as follows:

a.     No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of her to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as she prepares his opposition to any motion for summary judgment.

c.     Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

6.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing

---

[1] If Defendant asserts that Plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendant' obligation to serve said notice again concurrently with a motion for summary judgment.  s*Woods*, 684 F.3d at 939).

7.      All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

//

//

//

//

7

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that she must include the case name and case number for this case on any document she submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 6/1/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge