United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYSHIELLE RICHELLE JACQUEZ,
Plaintiff,

v.

R. GRACIA,
Defendant.

Case No. 26-cv-00044-HSG

**ORDER REQUIRING PLAINTIFF TO EFFECT SERVICE**

On or about January 5, 2026, Plaintiff commenced this *pro se* action by filing a complaint with this Court. Dkt. No. 1. On June 1, 2026, the Court screened the operative complaint and found that the allegation that, on September 11, 2023, Salinas Valley State Prison ("SVSP") correctional officer R. Gracia retaliated against Plaintiff for her grievance writing activity by grabbing her and snatching her backwards. Dkt. No. 8. The Court ordered the Clerk to serve defendant Gracia under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. *Id.*

On July 27, 2026, the CDCR informed the Court that it had been unable to identify the staff member involved in the alleged September 11, 2023 incident. The CDCR stated that there was no correctional officer by the name of R. Gracia; and that while SVSP has two correctional officers whose first names begin with the letter "R" and with the last name Garcia, on September 11, 2023, one of these staff members was in training and the other staff member was on his regular day off. Dkt. No. 10.

A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and

United States District Court
Northern District of California

attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Gracia (or Garcia), and the complaint was filed on January 5, 2026. Consequently, Plaintiff must remedy the situation or face dismissal of defendant Gracia (or Garcia) without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, within twenty-eight (28) days of this order, Plaintiff must effect service on defendant Gracia (or Garcia), or submit to the Court sufficient information to identify and locate defendant Gracia (or Garcia) such that the Marshal is able to effect service. **Failure to comply with the deadline set forth in this order will result in dismissal of this action of defendant Gracia without prejudice pursuant to Fed. R. Civ. P. 4(m), and dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(a).**

**IT IS SO ORDERED.**

Dated: 10/20/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge